Overseers of the Poor of Tunkhannock Borough *v.* Overseers of the Poor of Montrose Borough, Appellant.

*Poor law—Husband and wife—Settlement—Order of removal.*

A husband and wife having a settlement in S., removed to M., where the husband obtained temporary employment, but did not acquire a settlement, and subsequently the wife went to T., where she became ill and received relief. *Held,* that the overseers of T. were entitled to an order for the removal of the wife to the husband's residence in M., but were not entitled to recover from the overseers of M. the money expended for the relief of the wife in T. Their remedy for that purpose was against S. the place of settlement.

Argued Feb. 22, 1897. Appeal, No. 388, Jan. T., 1895, by defendant, from order of Q. S. Wyoming Co., Aug. T., 1893, No. 19, removing pauper. Before WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from order of removal of pauper. Before ARCHBALD, P. J., of the 45th judicial district, specially presiding.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the order of removal.

*F. I. Lott,* of *Lott & Maxey,* for appellant.—A pauper can be removed only to his or her last place of legal settlement: Act of June 13, 1836, P. L. 544, sec. 16, except, perhaps, where he or she has no legal settlement, and having become a charge upon one district, and while there receiving aid is allowed or induced to wander into another district, when either may be rightfully returned to the former district: Overseers of Milton v. Overseers of Williamsport, 9 Pa. 46 : Kelly Twp. v. Union Twp., 5 W. & S. 535; Taylor v. Shenango, 114 Pa. 394.

The quarter sessions has exclusive jurisdiction of the question of settlement: Mifflin Twp. v. Elizabeth, 18 Pa. 17.

When a wife separates from her husband and intrudes into another parish she may be removed to the place of her husband's settlement: Hartland v. Pomfret, 11 Vt. 440.

*W. E. Little*, with him *C. A. Little*, for appellee.—The district in which a poor person, not having a settlement, first becomes helpless and a fit subject for relief, must provide the same, until the necessity thereof ceases, or she be removed to the place of her legal settlement: Taylor v. Shenango, 114 Pa. 394; Milton v. Williamsport, 9 Pa. 46; Kelly v. Union Twp., 5 W. & S. 535.

If this removal be outside of the strict letter of the act, we were within the equity thereof, and that is sufficient: Sugarloaf v. Schuylkill, 44 Pa. 481: Versailles v. Mifflin, 10 Watts, 360.

OPINION BY MR. JUSTICE WILLIAMS, April 12, 1897:

This case has very little left in it for consideration. The court below amended its order by striking out so much of it as fixed the legal settlement of Laraine Murphy upon the borough of Montrose before the record came into this court. The proper place of her husband's settlement, and, therefore, of her own, appeared by the evidence to be the city of Scranton. He had left that city in search of work and resided temporarily whereever he could find it. In August, 1892, he was in the township of Troxen, Wyoming county. In September of the same year he went with his wife to Tunkhannock township. He removed to the borough of Tunkhannock in November, and near the end of December went to the borough of Montrose. For a few weeks he was without work, and during this time his wife appealed to the overseers of the poor for assistance.

An order of relief was issued in consequence of her application requiring the overseers to provide for the family "until the said Murphy can secure work or be removed." Murphy obtained work soon after, and no further aid from the overseers was thereafter asked or given. About the first day of May following Mrs. Murphy, who was in an advanced stage of pregnancy, returned to the house of a relative in the borough of Tunkhannock to be confined. On the sixth day of the same month an order for her relief was issued to the overseers of the said borough. This was followed a week later by the order of removal now before us. Nothing appears to have been done by the overseers except to serve notice of the order of removal upon the officers of the defendant borough. Upon the trial in

the court of quarter sessions of Wyoming county, the order of removal was sustained and the poor district of Montrose appealed.

It is admitted that neither Murphy nor his wife was in fact a public charge or in the receipt of relief from Montrose poor district when Mrs. Murphy went to Tunkhannock borough for her confinement. She clearly had no legal settlement there. She had no quasi settlement. Her husband was there temporarily, and was bound to provide for her. That was her home, her actual domicile. Being found sick and in want in another district, the duties of the overseer of such district was to provide for her until she could be taken to her husband's house, as the statute forbids the separation of husband and wife by the overseers of the poor. As a matter of fact the officers of Tunkhannock poor district did not remove Mrs. Murphy. She returned to Montrose when able, at her own instance and at her own cost. For what then is the borough of Montrose liable to the plaintiff? It is not for any relief that may have been furnished, for no evidence of such relief is before us. But if furnished, the husband or the place of legal settlement must be looked to for payment. It is not liable for the expenses of her removal, for she was not in fact removed, having returned as soon as she was able to her husband's house.

The order of removal having regularly issued it was right that it should be served upon the defendant, and the question properly determined whether the removal was for any reason proper to be made. The order of the court below as it stands amended is a holding that the order was properly issued as a means of returning Mrs. Murphy to her husband's house, and for no other purpose, and for this reason alone he sustained it notwithstanding the fact that nothing was done under its authority. We are not disposed to disturb this finding, but will further modify the order by striking therefrom the words " their reasonable costs and charges on this behalf expended " and substituting therefor the following: " the defendant to pay the costs of this appeal." And so modified the order appealed from is affirmed.